1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AMTRUST INTERNATIONAL
UNDERWRITERS LIMITED,

           Plaintiff,

     v.

THE PASS LLC, HIGH COUNTRY
CONTRACTORS, INC., GLOBAL
CONSTRUCTION SOLUTIONS, INC.,
FOUNDATION SPECIALISTS LLC,
INLAND WATERPROOFING SERVICES
LLC, WEST COAST ELECTRICAL
SERVICES, LLC, FIRE SPRINKLERS
INCORPORATED, JANES COMPANY,
INC., TRI STATE PLUMBING, INC.,
INSTALLED BUILDING PRODUCTS II
LLC d/b/a INSULATION NORTHWEST,
PREMIUM VALLEY PAINTING, INC.,
NORTHSTAR CONSTRUCTION & SHEET
METAL, INC., NORTHWEST DOOR, INC.,
JAMES ELLISON, CAROLYN ELLISON,
BRUCE BRENNEN, ANN CALLISTER,
WILSON WANG, STACEY CHANG,
DARREN WHITE, TONIA BEST, TIM
HNATEYKO, ANNA HNATEYKO, OREST
HOLUBEC, NATALIE HOLUBEC,
FRANCES ERSKINE, JOHN ERSKINE,
GEORGE DITTMEIER, ELIZABETH
MILLER, JIM JOUDREY, DONNA
JOUDREY, JEFF WOERNER, MICHELLE
WOERNER, PATRICK STANTON,
COURTNEY STANTON, ERIK HENNE and
HEATHER HENNE,

Case No. 2:17-cv-1486

**COMPLAINT FOR DECLARATORY
JUDGMENT AND INTERPLEADER**

COMPLAINT FOR DECLARATORY JUDGMENT AND
INTERPLEADER- 1
Case No.

1563767.01


Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

Defendants.

COMES NOW AmTrust International Underwriters Limited ("AmTrust"), by and through its undersigned counsel, and files this Complaint for Declaratory Judgment and Interpleader as follows:

## NATURE OF THE CASE

1.      This action concerns a Commercial General Liability (CGL) Policy, No. PAL 1053309 00, that AmTrust issued to The Pass LLC ("The Pass") for the Policy Period July 25, 2014 to July 25, 2015 (the "Policy").  A copy of the Policy is Exhibit A to this Complaint.

2.      More specifically, this action concerns the Limit of Insurance available under the Policy to repair property damage resulting from water intrusion at a residential development in Snoqualmie Pass, Washington.

3.      The Pass, which served as the development's owner and developer, has sought coverage under the Policy for the property damage.

4.      AmTrust has recognized its duties under the Policy, reserved its rights and already incurred over $330,000 in expenses investigating the property damage and making temporary repairs to mitigate future expenses and damages.

5.      Based on estimates, AmTrust anticipates that the total cost to repair all of the property damage to the units will exceed $1,800,000.

6.      AmTrust posits that a single "occurrence" caused all of the property damage such that the applicable Limit of Insurance is $1,000,000.  Upon information and belief, The Pass's position is that the applicable Limit of Insurance is $2,000,000, and the homeowners with claims against the Pass can reasonably be expected to take that same position.  One of

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

1  more of the insureds other than The Pass may take conflicting positions on this issue,
2  depending on their particular interests.

3      7.      Once the Court determines which Limit of Insurance applies and how much
4  remains on the applicable Limit of Insurance, AmTrust will deposit the remaining amount
5  into the Court's registry and, at that point, become a disinterested stakeholder.
6

7                                      **PARTIES**

8      8.      Plaintiff AmTrust is a corporation organized and existing under the laws of the
9  Republic of Ireland with its principal place of business in the Republic of Ireland.

10     9.      Defendant The Pass is a Washington limited liability company with its
11  principal place of business in Seattle, Washington.  Upon information and belief, the members
12  or owners of The Pass are Bryce Phillips, a citizen of the State of Washington, and Pass IC
13  LLC, a Washington limited liability company with its principal place of business in Seattle,
14  Washington, and the member or owner of Pass IC LLC is Wolf Bay Projects LLC, a
15  Washington limited liability company with its principal place of business in Seattle,
16  Washington.  Upon information and belief, Ira Gerlich is the member or owner of Wolf Bay
17  Projects, LLC and is a citizen of the State of Washington.
18

19     10.     Defendant High Country Contractors, Inc. is a California corporation with its
20  principal place of business in Renton, Washington.
21

22     11.     Defendant Global Construction Solutions, Inc. is a Washington corporation
23  with its principal place of business in Woodinville, Washington.

24     12.     Defendant Foundation Specialists, LLC is a Washington limited liability
25  company with its principal place of business in Tacoma, Washington.  Upon information and
26

RS   Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

belief, the members or owners of Foundation Specialists, LLC are Dan Jensen and Randy Jensen who are citizens of the State of Washington.

13.     Defendant Inland Waterproofing Services, LLC is an Idaho limited liability company with its principal place of business in Hayden, Idaho.  Upon information and belief, the members or owners of Inland Waterproofing Services, LLC are Shelley Ourada and Jay Carlson who are citizens of the State of Idaho.

14.     Defendant West Coast Electrical Services, LLC is a Washington limited liability company with its principal place of business in Lynnwood, Washington.  Upon information and belief its managing member is Kyle Adams a citizen of the State of Washington.

15.     Defendant Fire Sprinklers Incorporated is an Oregon corporation with its principal place of business in Sumner, Washington.

16.     Defendant Janes Company Inc. is a Washington corporation with its principal place of business in Mukilteo, Washington.

17.     Defendant Tri State Plumbing, Inc. is an Arizona corporation with its principal place of business in Bellevue, Washington.

18.     Defendant Installed Building Products II, LLC dba Insulation Northwest is a Delaware limited liability company with its principal place of business in Puyallup, Washington.  Upon information and belief, the members or owners of Installed Building Products II, LLC are not citizens of a foreign country.

19.     Defendant Premium Valley Painting, Inc., is a Washington corporation with its principal place of business in Renton, Washington. Upon information and belief its principal owner is Christian Lindeman a citizen of the State of Washington.

RS   Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

20.     Defendant Northstar Construction & Sheet Metal, Inc. is a Washington corporation with its principal place of business in Snohomish, Washington.

21.     Defendant Northwest Door, Inc. is a California corporation with its principal place of business in Tacoma, Washington.

22.     Defendant James Ellison is a citizen of the State of Washington.

23.     Defendant Carolyn Ellison is a citizen of the State of Washington.

24.     Defendant Bruce Brennen is a citizen of the State of Washington.

25.     Defendant Ann Callister is a citizen of the State of Washington.

26.     Defendant Wilson Wang is a citizen of the State of Washington.

27.     Defendant Stacey Chang is a citizen of the State of Washington.

28.     Defendant Darren White is a citizen of the State of Washington.

29.     Defendant Tonia Best is a citizen of the State of Washington.

30.     Defendant Tim Hnateyko is a citizen of the State of Washington.

31.     Defendant Anna Hnateyko is a citizen of the State of Washington.

32.     Defendant Orest Holubec is a citizen of the State of Washington.

33.     Defendant Natalie Holubec is a citizen of the State of Washington.

34.     Defendant Frances Erskine is a citizen of the State of Washington.

35.     Defendant John Erskine is a citizen of the State of Washington.

36.     Defendant George Dittmeier is a citizen of the State of Washington.

37.     Defendant Elizabeth Miller is a citizen of the State of Washington.

38.     Defendant Jim Joudrey is a citizen of the State of Washington.

39.     Defendant Donna Joudrey is a citizen of the State of Washington.

40.     Defendant Jeff Woerner is a citizen of the State of Washington.

RS   Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

41.     Defendant Michelle Woerner is a citizen of the State of Washington.

42.     Defendant Patrick Stanton is a citizen of the State of Washington.

43.     Defendant Courtney Stanton is a citizen of the State of Washington.

44.     Defendant Erik Henne is a citizen of the State of Washington.

45.     Defendant Heather Henne is a citizen of the State of Washington.

## JURISDICTION AND VENUE

46.     AmTrust brings this Complaint for both interpleader under Rule 22 of the Federal Rules of Civil Procedure and for a declaratory judgment under 28 U.S.C. § 2202.

47.     This Court has original jurisdiction under 28 U.S.C. 1332(a)(2) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and because AmTrust is a resident of a foreign state and no Defendant is a resident of a foreign state.

48.     Venue is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this judicial district, or under 28 U.S.C. § 1391(b)(3), because at least one of the Defendants is subject to the Court's personal jurisdiction with respect to this action.

49.     An actual and justiciable controversy has arisen and now exists with respect to whether the applicable Limit of Insurance for the property damage at issue is $1,000,000 or $2,000,000.

50.     Because of the competing interests in the Policy and because the applicable Limit, whether the Court determines it to be $1,000,000 or $2,000,000, will be insufficient to

RS   Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

cover all of the property damage at issue, AmTrust may, absent relief from this Court, be exposed to double or multiple liabilities beyond its obligations under the Policy.

### FACTS

The Policy

51.    Subject to all of its terms, limitations and conditions, the Policy, under the Insuring Agreement in Section I, Coverage A (Bodily Injury and Property Damage Liability), obligates AmTrust to pay those sums that the insured becomes legally obligated to pay as damages because of "property damage" to which the insurance applies.

52.    The insurance applies only to "property damage" that occurs during the policy period except for "property damage" included in the "products-completed operations hazard." For "property damage" included in the "products-completed operations hazard," the "property damage" must occur during the policy period or within the "contractors products-completed operations period."

53.    The policy period is July 25, 2014 to July 25, 2015.  The "contractors product-completed operations period" is the period of time allowed by the applicable law at the inception of the Policy or ten years, whichever is less, for claims or "suits" to be brought against the insured.

54.    Under the Policy's endorsement entitled "Limitation of Coverage to Designated Premises or Project," the insurance applies to "property damage" only if it arises out of (1) the ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises, or (2) the project shown in the Schedule. The "Premises" shown in the Schedule is 90 Pass Life Way, Snoqualmie Pass, WA 98065,

and the "Project" shown in the Schedule is "The Pass Life Project Single-Family Homes and (1) Commercial Building."

55.     Under the Policy, the "Named Insureds" include The Pass and the enrolled general contractor and subcontractors that worked on the Project.  The entities identified in paragraphs 9 through 21 of this Complaint (collectively, the "Subcontractors") are the enrolled general contractor and subcontractors.

56.     The Policy defines "property damage" to include "physical injury to tangible property, including all resulting use of that property."

57.     The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

58.     The Policy defines "Product-completed operations hazard" as encompassing all "property damage" occurring away from premises any insured owns or rents and arising out any insured's work, including (1) work or operations performed by any insured or on any insured's behalf, (2) materials, parts or equipment furnished in connection with such work or operations, (3) warranties or representations made with respect to the fitness, quality, durability, performance or use of any insured's work, and (4) the providing of or failure to provide warnings or instructions.

59.     The Limits of Insurance shown in the Declarations include a $2,000,000 General Aggregate Limit (Other than Products-Completed Operations), a $2,000,000 Products-Completed Operations Aggregate Limit, and a $1,000,000 Each Occurrence Limit.

60.     Under its Self-Insured Retention Endorsement, the Policy is subject to a Self-Insured Retention of $10,000 applicable to "Each Occurrence or Offense."

RS  Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

61.     Under the Self-Insured Retention Endorsement, once the Self-Insured Retention has been exhausted by any "loss" or "loss adjustment expense" incurred by the insured, AmTrust has the right and the duty to defend the insured against any claim or suit. "Loss" means those sums an insured becomes legally obligated to pay as damages because of "property damage" to which the insurance applies. "Loss adjustment expenses" means claim expenditures, including but not limited to defenses costs, court costs and such other costs reasonably necessary for the proper defense and investigation of any claim.

62.     The Policy obligates AmTrust to make certain "Supplementary Payments" in connection with Coverage A (Bodily Injury and Property Damage Liability), including all expenses AmTrust incurs.   Under the Policy's "Eroding Limits Endorsement," all Supplementary Payments reduce and may exhaust the applicable Limit of Insurance.

63.      AmTrust's right and duty to defend ends when AmTrust has used up the applicable Limit of Insurance in the payment of judgments, settlements or Supplementary Payments under Coverage A or B.

The Property Damage

64.     The twelve homes comprising the Project (collectively, the "Properties") are six loft-style duplexes, each consisting of two separately-owned units.   The individuals identified in paragraphs 22 through 45 of this Complaint (collectively, the "Homeowners") each own (with another Homeowner) one of the Properties.

65.     The Properties are located at 230, 240, 250, 270, 280 and 300 Pass Life Way in Snoqualmie Pass, Washington.  The Properties are situated in the Cascade Mountains and face the south.  Unit #1 of each duplex is on the west side of the structure, and Unit #2 of each duplex is on the east side of the structure.



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

66.     The Pass was the Project's owner and developer, and the Subcontractors were responsible for various aspects of the construction.

67.     The construction was completed in early 2015.

68.     On September 6, 2016, The Pass, through its insurance agent, notified AmTrust that moisture had been discovered behind building siding, that the cause and extent of the moisture was unknown, and that a meeting with contractors and experts had been scheduled for September 8, 2016.  The Pass requested that an insurance adjuster attend that meeting.

69.     AmTrust learned later that moisture intrusion had been discovered on the north walls of at least three of the Properties.

70.     The origin of the moisture was determined to be condensation and water vapor. The cause of the condensation and water vapor was determined to be insufficient vapor permeability of the weather resistant barrier ("WRB") where there were multiple layers of WRB and seam tape.  Normal atmospheric condensation and vapor could not travel through the multiple layers of WRB due to the reduction in permeability and, as a result, wetted the wood wall sheathing.  The repeated exposure to moisture caused the wood to deteriorate.

71.     The multiple layers of WRB and seam tape were determined to constitute a construction defect.

72.     The condensation and vapor in the north wall assemblies of the Properties resulted in black-color stains on the wood wall sheathing, biological growth on the wood wall sheathing, elevated moisture content of the wood wall sheathing and staining on the back surface of the WRB.

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

73.     On February 28, 2017, The Pass notified High Country Contractors ("High Country"), the general contractor enrolled in the Policy, that The Pass was asserting a construction defect claim against High Country pursuant to RCW 64.50 arising out of High Country's work on the Project.  The Pass's notice letter described numerous defects in the work, including, but not limited to, defects relating to the WRB and the WRB tape that had resulted in water intrusion at the Properties.

74.     On January 6, 2017, AmTrust learned that certain of the Properties were experiencing active water leaks.

75.     During a site inspection on January 10 and 11, 2017, moisture intrusion was discovered in Unit #1 of multiple Properties, and wet drywall and insulation were removed from those Properties

76.     The moisture intrusion was determined to be coming through the roofs of the Properties.  The origin of the moisture was determined to be melted snow and ice on the roofs. The cause of the moisture intrusion was determined to be ice damming on the roofs due to deficient insulation in the roof assemblies and wall cavities.

77.     The deficient insulation in the roof assemblies and wall cavities was determined to constitute a construction defect.

Past and Anticipated Expenditures

78.     After the discovery of the moisture intrusion at the Properties, The Pass and AmTrust retained various consultants, experts and adjusters to investigate the cause and extent of the property damage, to undertake temporary repairs to mitigate the property damage, and to estimate the cost of making full and permanent repairs to the Properties.

RS   Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

79.     To date, AmTrust has incurred expenses totaling $330,282.66 in addressing the damage to the Properties.  These expenses are Supplementary Payments that apply against and reduce the applicable Limit of Insurance.

80.     In addition, AmTrust's consultant has estimated that it will cost approximately $150,000 per unit, or a total of approximately $1,800,000, to repair all of the damage to the Properties.

81.     Given the past and anticipated future expenses, it appears reasonably likely that the applicable Limit of Insurance, whether the Court determines it to be $1,000,000 or $2,000,000 before reduction for amounts already incurred, will be insufficient to cover all of the damage at the Properties.

82.     AmTrust posits that the applicable Limit of Insurance is the Policy's $1,000,000 Each Occurrence Limit because the "property damage" was caused by a single "occurrence," i.e., by the continuous or repeated exposure of the Properties to harmful moisture intrusion.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff AmTrust requests the Court:

(1)     to determine and declare the applicable Limit of Insurance and the amount remaining on the applicable Limit of Insurance;

(2)     to grant AmTrust's claim for interpleader;

(3)     upon AmTrust's deposit into the Court's registry of the amount remaining on the applicable Limit of Insurance, to discharge AmTrust from all liability in connection with the damage to the Properties that is the subject of this Complaint; and

COMPLAINT FOR DECLARATORY JUDGMENT AND
INTERPLEADER- 12
Case No.

1563767.01



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

1    (4)    to grant any further relief the Court may deem just and proper.

2

3    DATED this 2nd day of October, 2017.

4                                              RYAN, SWANSON & CLEVELAND, PLLC

5

6                                              By */s/ Jo M. Flannery*
                                                  Jo M. Flannery, WSBA #26086

7

8                                              1201 Third Avenue, Suite 3400
                                               Seattle, Washington  98101-3034
                                               Telephone: (206) 464-4224
9                                              Facsimile: (206) 583-0359
                                               *Flannery@ryanlaw.com*

10
                                               David J. Altschuler
11                                             RUBERRY STALMACK & GARVEY, LLC
                                               10 South LaSalle Street, Suite 1800
12                                             Chicago, Illinois 60603
                                               Telephone: (312) 466-8050
13                                             Facsimile: (312) 466-8055
                                               david.altschuler@ruberry-law.com
14

15                                             *Attorneys for Plaintiff AmTrust International*
                                               *Underwriters Limited*

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DECLARATORY JUDGMENT AND
INTERPLEADER- 13
Case No.

1563767.01

RS  Ryan, Swanson & Cleveland, PLLC
    1201 Third Avenue, Suite 3400
    Seattle, WA 98101-3034
    206.464.4224  |  Fax 206.583.0359